STATE, JOHN GRAY, EXECUTOR, &c., PROSECUTOR, v. JOHN LEGGETT, COLLECTOR, &c.

A testator bequeathed to his son James the use and benefit, during his life, of a certain mortgage, given to him by said son upon certain real estate in the township of Princeton. The will also gave to said son all the interest due on said mortgage at testator's death, and on his death the mortgage was given to his children, share and share alike. The will further declared the bequest of the interest of the mortgage to James to be special, and not a part of his share. James claimed a deduction for this mortgage from the value of the mortgaged premises. This was allowed by the assessor, and the mortgage was assessed to the executors of the testator. *Held*—

1. That the mortgage having been given by the will specifically to James and his children, the executors of the testator have no title to it or any of the moneys secured by it.

2. The mortgage not being personal estate, in the possession or control of the executors, cannot be assessed to them.

On *certiorari.* In matter of taxation.

Argued at November Term, 1877, before Justices DAL-RIMPLE and WOODHULL.

For the prosecutor, *Elmer E. Green.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

DALRIMPLE, J. Alexander Gray, of the county of Middlesex, departed this life in the year 1873. He left a will, whereof the prosecutor is one of the executors. By that will testator gave to his son, James C., the use and benefit, during his life, of a certain mortgage given by James to the deceased for the sum of $9709, or thereabouts, upon certain real estate situate in the township of Princeton, in the county of Mercer. The will also, in terms, gives to James all the interest which might be due on said mortgage at testator's death. After James' death, the mortgage was given and bequeathed to his children, share and share alike. The bequest of the interest

of the mortgage to James was declared by the will to be special, and not to be considered as a part of his share in the division of testator's estate. The mortgage came into the hands of the prosecutor, a resident of the county of Middlesex, and there remained till the year 1876. James in that year resided upon the mortgaged premises, and claimed of the assessor of taxes of Princeton a deduction, from the value of the mortgaged premises, of the principal of the mortgage, which was allowed. The prosecutor, as executor of the estate of deceased, was thereupon taxed by the assessor of Princeton upon the principal of the mortgage. The legality of this tax is the question now presented to the court.

The mortgage in question is, by the will of deceased, given specifically to James C. Gray and his children. 1 *Roper on Leg.* 227. This being so, the executor of the estate of deceased has no title to it, nor to enjoy the moneys secured by it. James is entitled to the interest during his life, and his children to the principal at his death. It cannot properly be said that the mortgage debt is personal estate, which is in the possession or under the control of the executors, and upon which they are thereupon taxable. James being the mortgage debtor, and the interest due and to grow due upon the mortgage debt being given to him, the interest is forgiven or virtually extinguished during the lifetime of James, leaving his estate mortgaged only subject to the payment of the principal of the mortgage. This principal belongs not to the estate of the deceased, or to his executors, but to certain legatees, to whom it has been specifically bequeathed. I do not see that it makes any difference that one of the executors, for the protection, perhaps, of all parties interested, has retained possession of the mortgage deed. That is but evidence of and security for the indebtedness of the mortgagor, which indebtedness does not belong in form or substance to the executors, but to other parties. A payment of it, in my opinion, to the executors, would not, under the circumstances, be a good payment as against the children of James. It has not been shown or suggested that the mortgage is required as assets to

pay the debts or liabilities of the estate of the deceased, or that the executors hold it or make any claim to it for such purpose. On the contrary, the case agreed on shows that no interest has been paid or demanded on it since the death of deceased. The case of *State, Wyckoff, pros.,* v. *Jones,* 10 *Vroom* 650, to which we were referred by defendant's counsel, is not analogous to the case before us. In that case the principal of the mortgage was payable to the executors of the deceased.

Without noticing the other objections made to the tax in the present case, most if not all of which relate to matters of form, for the reason that the prosecutor has no legal interest in the mortgage debt for which he is taxed, the assessment brought up must be set aside, with costs.